MORGAN, LEWIS & BOCKIUS LLP
ANNE M. BRAFFORD, State Bar No. 237574
ROBERT R. WENNAGEL, State Bar No. 240640
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel: 949-399-7000
Fax: 949-399-7001
abrafford@morganlewis.com
rwennagel@morganlewis.com

Attorneys for Defendant
BOSTON SCIENTIFIC CORPORATION

FILED
CLERK, U.S. DISTRICT COURT

DEC - 1 2008

CENTRAL DISTRICT OF CALIFORNIA
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI HEINEMAN-GUTA,<br><br>Plaintiff,<br><br>vs.<br><br>BOSTON SCIENTIFIC CORPORATION, a Delaware corporation; and DOES 1 through 25, inclusive,<br><br>Defendant. | Case No. SACV08-00605 CJC (JWJx)<br><br>Assigned to Hon. Cormac J. Carney<br><br>[~~PROPOSED~~] PROTECTIVE ORDER<br><br>**NOTE CHANGES MADE BY THE COURT**<br><br>Complaint Filed: April 22, 2008<br>Trial Date: November 3, 2009 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

DB2/20893780.1                           1                    [PROPOSED] PROTECTIVE ORDER

The following procedures shall govern the production, use, and disclosure of confidential documents and other information in the above-captioned action:

1. Any party may designate as "Confidential" those documents produced during this action and information provided in interrogatory responses or in testimony by a party or a witness who is or was employed by Boston Scientific which the party considers to contain or constitute information that (a) is not in the public domain and (2) consists of either: (a) financial data; or (b) sales or marketing data; or (c) product information not publicly distributed; or (d) technical data; or (e) compensation, investigatory, disciplinary or other private personnel information concerning present and former employees of Boston Scientific; or (f) information pertaining to the finances or economic condition of any party; or (g) medical, emotional, financial, or mental condition of Heidi Heineman-Guta.

2. Materials consisting of documents or interrogatory responses may be designated as "Confidential" by a party by so marking the materials as of the time the responses and/or copies of requested materials are provided to any other party requesting them. Documents or interrogatory responses so designated shall be treated in the manner prescribed in paragraph 5.

3. If, during the course of a deposition, information is elicited that a party believes to be Confidential, counsel shall designate the information as "Confidential" on the record. In the alternative, a party may make this designation within 30 days after the party's counsel receives the deposition transcript. Information contained in a transcript or exhibits so designated shall be treated in the manner prescribed in paragraph 5.

4. If any party produces any confidential information without timely labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed confidential and should be treated as such in accordance with the provisions of this Protective Order.

The receiving party must treat such documents and things in the manner prescribed in paragraph 5 from the date such notice is received. Disclosure, prior to the receipt of such notice of the confidential status of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order.

     5.    All materials designated as "Confidential" shall be used only for the purposes of this litigation and may be given, shown, made available to, or communicated in any way only to parties, counsel of record for the parties, counsel's employees, the Court (including persons employed by the Court and court reporters), non-party deponents pursuant to paragraph 6, third party consultants and independent experts to whom it is necessary that the materials be shown for purposes of this litigation, and third parties jointly selected by the plaintiff and defendants for the purpose of conducting any form of alternate dispute resolution in this litigation. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information (as opposed to "Confidential" documents or information produced by another party).

     6.    During a deposition a non-party deponent may be shown, and examined about, materials designated as "Confidential" if the provisions of paragraph 7 are complied with. Non-party deponents shall not retain or copy such materials or portions of the transcripts of their depositions that contain confidential material unless they comply with the provisions of paragraph 7.

     7.    Each person permitted by the parties or their counsel to have access to documents marked "Confidential" (other than the parties or their counsel or counsel's employees) shall, prior to being afforded such access, be shown this Stipulation and Order and shall sign an agreement, in the form attached hereto as Attachment "A," stating that he or she has read and understands its terms and shall abide by them. In this regard, Defendant Boston Scientific will provide permission to all current Boston Scientific employees who are non-party deponents to agree to

the Protective Order and to sign the agreement, Attachment "A," if documents designated "Confidential" are to be addressed at such employee's deposition. Defendants, furthermore, will not discourage any Boston Scientific employee from signing Attachment "A," and will not interfere with plaintiff's counsel's reasonable efforts to procure such signature. A file shall be maintained by the attorneys of record of all written agreements signed by persons to whom such documents have been given, which file shall, upon request, be available for inspection and copying by counsel subject to objection on the basis of attorney-client privilege and attorney work product.

8. In the event that any party intends to file one or more documents marked as "Confidential" with the Court or to file any deposition testimony that has been identified as confidential with the Court or disclose confidential information in a brief filed with the Court, the party desiring to file such information shall give advanced notice to the other party. Thereafter, the parties will promptly meet and confer in an attempt to have the information filed with the Court without the need for it to be under seal, such as agreeing to remove the confidentiality restrictions for the purposes of filing the information with the Court or redacting confidential information prior to its filing with the Court. If the parties cannot reach an agreement, then the party who seeks to file confidential information can request that the Court file the confidential information under seal.

9. Subject to public policy, and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the moving party with appropriate notice to opposing counsel.

10. The Parties shall comply with Local Rule 79-5 of the Central District of California in the event that they lodge or file any documents covered by this order with the Court.

11. This Protective Order shall not be construed as waiving any right to

1  assert a bona fide claim of privilege or any other objection as to the discoverability
2  and/or admissibility of any information.
3      12.    This Protective Order shall be without prejudice to any party's right to
4  bring a motion at any time, upon proper notice, to determine the propriety of a
5  claim that certain documents or information constitute "Confidential" information.
6  Before the filing of any such motion, the parties shall meet and confer in good faith
7  to attempt to resolve any disagreement.
8      13.    The terms of this Protective Order shall remain in full force and effect
9  until further order of this Court or a court of competent jurisdiction, and shall not
10 cease to be in effect because this litigation is finally adjudicated. Upon termination
11 of this action, all documents and data designated "Confidential" pursuant to this
12 Order, including all copies of such documents and all summaries of data contained
13 in such documents, and compilations of any nature whatsoever derived from such
14 documents, shall be returned to counsel for the party which produced them upon
15 written request of the producing party.

*The Court and its personnel shall not be bound by the terms of this order.*

IT IS SO ORDERED.

Date: *December 1, 2008*

United States Magistrate Judge
Hon. Jeffrey Johnson

## ATTACHMENT "A"
## CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that:

1. I have read the Protective Order entered in the action presently pending in the United States District Court, Central District of California entitled <u>Heidi Heineman-Guta v. Boston Scientific Corporation</u>, Case No. SACV08-00605 CJC (JWJx);

2. I understand the terms of the Protective Order;

3. I agree, upon threat of penalty of contempt and other civil remedies, to be bound by its terms, and;

4. I irrevocably submit my person to the jurisdiction of the United States District Court, Central District of California, for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

Dated: _____

_____
Signature

_____
Name

_____
Title

_____
Address

_____
City, State, Zip Code

_____
Telephone Number

# PROOF OF SERVICE

<u>Heidi Heineman-Guta v. Boston Scientific Corporation</u>
<u>USDC CASE NO.SACV08—00605 CJC (JWJx)</u>

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On November 6, 2008, I served on the interested parties in this action the within document(s) entitled:

**[PROPOSED] PROTECTIVE ORDER**

[ X ]  **BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| David G. Spivak, Esq.<br>The Spivak Law Firm<br>9454 Wilshire Boulevard, Suite 303<br>Beverly Hills, CA 90212<br>Tel: (310) 499-4730<br>Fax: (310) 499-4739<br>email: david@spivaklaw.com | *Attorneys for Plaintiff Heidi Heineman-Guta* |
|---|---|

[ ]  **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ]  **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on November 6, 2008, at Irvine, California.

                           /s/ **Jojo Nghiem**
                           Jojo Nghiem

DB2/20893780.1